NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FILED

NOV 9 2023

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| CHRISTOPHER GRIFFIN, an individual, | No. 22-35816 |
| Plaintiff-Appellant, | D.C. No. 3:21-cv-01036-MO |
| v. | |
| KRISTOFER ASLA; NICOLE KEIDEL; ALLISON BROWN; CITY OF SHERWOOD, a political subdivision of the State of Oregon, | MEMORANDUM* |
| Defendants-Appellees. | |

Appeal from the United States District Court
for the District of Oregon
Michael W. Mosman, District Judge, Presiding

Argued and Submitted September 13, 2023
Seattle, Washington

Before:  W. FLETCHER, R. NELSON, and COLLINS, Circuit Judges.

Plaintiff-Appellant Christopher Griffin was charged with sexual abuse and

other related offenses but subsequently acquitted of all charges.  Griffin sued

Detective Kristofer Asla, Officer Nicole Keidel, Prosecutor Allison Brown, and the

City of Sherwood (collectively, the "Defendants") under 42 U.S.C. § 1983 for

---

*    This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

malicious prosecution, due process violations, judicial deception, and municipal liability under the Fourth, Fifth, Sixth, and Fourteenth Amendments. The district court granted summary judgment for the Defendants. *Griffin v. Asla*, No. 3:21-cv-01036-MO, 2022 WL 4237275, at \*12 (D. Or. Sept. 14, 2022). We have jurisdiction under 28 U.S.C. § 1291 and review the district court's grant of summary judgment de novo. *Caldwell v. City & County of San Francisco*, 889 F.3d 1105, 1112 (9th Cir. 2018). For the reasons below, we affirm.

1.      The district court concluded that Prosecutor Brown was protected against Griffin's claims by absolute immunity because she acted within her prosecutorial role. *See Griffin*, 2022 WL 4237275, at \*4–6. Griffin asserts that some of Brown's conduct occurred outside that role and without probable cause. Griffin alleges that Brown provided false and misleading statements to the court and defense counsel, withheld exculpatory material, willfully ignored exculpatory evidence, and failed to correct the record when Griffin was re-arrested for violating his release agreement.

We, too, conclude that Griffin's claims against Brown are barred by absolute immunity. A prosecutor receives absolute immunity for functions "intimately associated with the judicial phase of the criminal process," including "actions apart from the courtroom." *Lacey v. Maricopa County*, 693 F.3d 896, 912 (9th Cir. 2012) (en banc) (citations omitted). Brown's alleged misconduct involved prosecutorial

2

functions, so absolute immunity applies. *See Broam v. Bogan*, 320 F.3d 1023, 1029–30 (9th Cir. 2003) (explaining that prosecutors are absolutely immune "for failure to investigate the accusations against a defendant before filing charges," "the knowing use of false testimony at trial," and failing "to preserve or turn over exculpatory material"). And Griffin identifies no evidence to support his allegation that Brown failed to correct the record after Griffin was re-arrested. Brown merely continued "overseeing trial preparations," after "probable cause had been established," so absolute immunity applies. *See KRL v. Moore*, 384 F.3d 1105, 1112–13 (9th Cir. 2004).

2. The district court next concluded that Griffin's malicious prosecution claim failed because the Defendants had probable cause. *See Griffin*, 2022 WL 4237275, at *7–10. Griffin acknowledges that probable cause existed to initiate prosecution but maintains that the Defendants continued to prosecute and detain him after probable cause had dissipated.

"[P]robable cause is an absolute defense to malicious prosecution." *Lassiter v. City of Bremerton*, 556 F.3d 1049, 1054–55 (9th Cir. 2009); *see also Thompson v. Clark*, 142 S. Ct. 1332, 1337 (2022). Officers may not disregard facts that dissipate probable cause, *United States v. Ortiz-Hernandez*, 427 F.3d 567, 574 (9th Cir. 2005) (per curiam), but they have no duty to investigate further or look for additional exculpatory evidence after probable cause is established, *Cameron v.*

*Craig*, 713 F.3d 1012, 1019 (9th Cir. 2013). Griffin identifies evidence that he believes dissipated probable cause, but that evidence does not undermine the district court's conclusion that probable cause continued to exist in light of the fact that the victim's story remained consistent "as to material issues" and that there was at least some corroborating evidence. *See Griffin*, 2022 WL 4237275, at *3, 9; *see also Stoot v. City of Everett*, 582 F.3d 910, 920 (9th Cir. 2009) (statements of a minor victim corroborated by other evidence can create probable cause).

The Defendants also had probable cause to re-arrest Griffin for violating his release agreement by sending a billing email. The Defendants attempted to contact Griffin's mother several times to determine whether the billing email was automated but received no response. Contrary to Griffin's characterization of the record, the evidence he identifies does not establish that the email was automated. An email sent from Griffin's email address to the victim's mother plus the lack of response after the Defendants' repeated attempts to make contact created probable cause to re-arrest Griffin. His malicious prosecution claim fails.[1]

3. The district court also concluded that the Defendants did not violate Griffin's due process rights. *See Griffin*, 2022 WL 4237275, at *7–10. Griffin's due process and judicial deception claims stem from the Defendants' alleged failure

---

[1] Griffin's Oregon state-law malicious prosecution fails for the same reason. *See Merrill v. A.R.G.*, 398 P.3d 954, 959 (Or. Ct. App. 2017).

4

to provide Griffin with exculpatory evidence and the inclusion of false statements in the search warrant affidavit. But Griffin has not identified any material exculpatory evidence the Defendants withheld or material false statements the Defendants made in the search warrant affidavit. He claims that the Defendants withheld "the CARES video," but the Defendants turned over the video. *Id.* at *3. He claims that the search warrant affidavit falsely stated certain specific details concerning the victim's statements about an alleged bottle of lotion, but even if the victim's asserted inconsistencies on that score had been included, probable cause would still exist based on the remainder of the affidavit. And to the extent that Griffin alleges that the Defendants omitted information that would have extinguished probable cause, we disagree. Even if the affidavit included the omitted evidence, there still would have been "a substantial basis for finding probable cause" based on the existing evidence. *See Chism v. Washington State*, 661 F.3d 380, 389 (9th Cir. 2011); *see also Nieves Martinez v. United States*, 997 F.3d 867, 880 (9th Cir. 2021).

4. Finally, the district court concluded that the City of Sherwood was not liable under *Monell v. Dep't of Soc. Servs.*, 436 U.S. 658, 690 (1978). *See Griffin*, 2022 WL 4237275, at *10–11. We affirm that holding because Griffin's constitutional rights were not violated, so his municipal liability claim fails. *See City of Los Angeles v. Heller*, 475 U.S. 796, 799 (1986) (per curiam).

**AFFIRMED.**

5